```
                   United States District Court
                     District of Massachusetts
_____
                               )
Dennis Fletcher,               )
        Petitioner,            )
                               )
        v.                     )    Civil Action No.
                               )    06-12008-NMG
Peter St. Amand,               )
        Respondent.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The petitioner, Dennis Fletcher ("Fletcher"), is currently serving a criminal sentence after being convicted of breaking and entering and larceny in the Massachusetts Superior Court Department for Middlesex County on October 11, 2002. After the Massachusetts Supreme Judicial Court ("the SJC") affirmed his sentence and this Court denied his petition for habeas corpus, Fletcher has moved for the issuance of a certificate of appealability ("COA").

I.   **Background**

On October 20, 2006, Fletcher sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on four grounds: 1) denial of right to counsel, 2) unconstitutional vagueness of the habitual offender statute, M.G.L. c. 279, § 25, 3) denial of right to appeal and 4) an equal protection violation in the application of

-1-

the habitual offender statute to defendants in his situation. Also on that day, recognizing that he had not exhausted his state court remedies with respect to any of those claims, Fletcher filed a motion to stay which the Court subsequently denied.  Upon a motion for reconsideration, in November, 2007, at which time Fletcher's petition was considered "mixed" because Fletcher had exhausted state court remedies for two of his claims, the Court ruled that Fletcher could voluntarily dismiss the two unexhausted claims within 30 days and proceed on the merits of the exhausted claims or, otherwise, the entire petition would be dismissed.

On December 17, 2007, Fletcher filed another motion for reconsideration in which he acknowledged the Court's order with respect to the 30-day window to salvage his petition but reaffirmed his desire to pursue all of his claims.  In an accompanying letter, he also stated that he did not understand that law and "wish[ed] to address <u>all</u> issues, unless this Court deems procedure [would] bar [him] from doing so."  The following day, the Court denied Fletcher's second motion for reconsideration.

On September 26, 2008, the Court determined that Fletcher had not unambiguously dismissed the two unexhausted claims and noted that he had submitted a new petition for habeas corpus, opened as Docket No. 08-cv-11392-NMG, asserting only the previously exhausted claims.  Therefore, the Court allowed the

respondent's motion to dismiss Fletcher's original petition.[1]

On January 23, 2009, Fletcher filed a motion for a COA to appeal the Court's order dated September 26, 2008, an amended version of which he filed about two weeks later. Those motions are currently pending before the Court.

## II. **Legal Analysis**

### A.   **Legal Standard**

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. 1st Cir. Loc. R. 22.1(a).

The exact standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon substantive or procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Fletcher's petition for habeas corpus was denied on procedural grounds, this Court may issue a COA if the petitioner demonstrates that

---

[1] Fletcher originally filed his petition against the superintendent of his correctional facility at that time, John Marshall ("Marshall"). Peter St. Amand has since replaced Marshall as superintendent and, thus, has been automatically substituted as the respondent in this action pursuant to Fed. R. Civ. P. 25(d) as applied pursuant to Rule 11 of the Rules Governing § 2254 Cases.

> jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... whether the district court was correct in its procedural ruling.

Id. at 478.

**B.   Application**

Federal district courts must dismiss petitions for habeas corpus that contain unexhausted claims unless a stay is granted giving the petitioner an opportunity to exhaust state court remedies.  Rhines v. Weber, 544 U.S. 269, 277-79 (2005); Rose v. Lundy, 455 U.S. 509, 510 (1982).  A stay should be awarded only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.  If a stay is not imposed, the court should allow the petitioner to proceed only on his or her exhausted claims.  Id. at 278.

After denying Fletcher's motion for a stay because he had offered no good cause for failing to exhaust all of his claims before petitioning for a writ of habeas corpus, this Court properly gave Fletcher the opportunity to proceed only on his exhausted claims by requiring him to dismiss the unexhausted claims within 30 days.  Fletcher's failure to do so meant that the Court was still faced with a mixed petition which it properly dismissed.  See Rose, 455 U.S. at 510.

Fletcher now asserts that he misunderstood the Court's order and "apologizes for his ignorance" but ignorance is no excuse.

-4-

See Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007) (affirming dismissal of a petition for habeas corpus where the petitioner mistakenly believed that presenting his claim to the Massachusetts Appeals Court exhausted his state court remedies). Because Fletcher failed to exhaust all available state relief before filing his habeas petition and failed to follow an unambiguous court order to dismiss his unexhausted claims, no "jurist of reason" would find that this Court erred in dismissing his petition for habeas corpus. Accordingly, his motion for a COA will be denied.

## ORDER

In accordance with the foregoing, the petitioner's original and amended motions for a certificate of appealability (Docket Nos. 37 and 38, respectively) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 31, 2009